IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. RICHARD WOOLS[1]

**Direct Appeal from the Criminal Court for Haywood County**
**No. 4308      Mark Agee, Judge**

---

### No. W2000-01979-CCA-R3-CD  - Filed August 16, 2001

---

Defendant appeals his conviction at a bench trial for the offense of cruelty to animals.  The trial court sentenced him to eleven months and twenty-nine days with all but ten days suspended.  He raises the following issues for our review:  (1) whether the evidence was sufficient to support the conviction; (2) whether the trial court erroneously admitted evidence outside the facts alleged in the charging instrument; (3) whether the trial court erroneously allowed three witnesses to give opinion testimony; and (4) whether the trial court erred in failing to suspend the entire sentence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

David M. Livingston, Brownsville, Tennessee, for the appellant, Richard Wools.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Clayburn L. Peeples, District Attorney General; and Edward L. Hardister, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        Defendant was originally tried in the General Sessions Court pursuant to an arrest warrant. After conviction, he appealed to the Criminal Court where, again, he was convicted at a bench trial. He duly perfected an appeal to this court.

---

[1]Defendant spells his last name "Woolls;" however, we utilize "Wools" since it is our policy to follow the spelling in the charging instrument.

# FACTS

Several witnesses testified for the state concerning the conditions observed at the defendant's residence. There was no material conflict in their testimony, and we will summarize the testimony in a light most favorable to the state. The defendant did not testify at trial.

On June 24, 1999, a Department of Human Services worker along with several law enforcement officers went to defendant's Haywood County residence to investigate a complaint about the condition of the premises. Only the defendant's sixteen-year-old son was present. Upon entry, they found the condition of the premises to be filthy and deplorable. Clothes, garbage, animal feces and animal urine were all over the floor in various parts of the residence. Plates with dried, molded food on them were also found in various parts of the residence. It was apparent to those present that these conditions had existed for a substantial period of time. Much of the animal feces was "starting to dry out" and was "caked to the floor." The condition and odor in the residence were so putrid that at least two officers became ill and left the premises.

Numerous dogs were found inside the residence. One dog was chained to a piano leg with a chain so short he could not stand. There was no food or water available to him. Another dog was found chained to a board in the wall with a foot-long chain. He had no food or water available to him. Several other dogs were found in a room filled with animal feces and urine. Furthermore, many of these dogs had feces and urine on them. There were several kittens in a cage with "cat waste all in the cage." Again, no food or water was available to the kittens.

The next day the defendant admitted to the Department of Human Services worker that he resided in the premises and "had been in Memphis related to work" the previous day.

Two of the dogs were examined by a veterinarian the day after the discovery. One was found to have ear mites and lesions on the back of both ears. His weight was in the low normal range, and other aspects of the physical examination appeared to be normal. The other dog was modestly underweight but "was covered with dried body fluids believed to be urine."

Based upon this proof, the trial court convicted the defendant of cruelty to animals.

## SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence was insufficient to support his conviction for animal cruelty. We respectfully disagree.

## A. Standard of Review

In a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as a jury verdict. State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999). A finding of guilt by the

trial court shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. Tenn. R. App. P. 13(e).

When an accused challenges the sufficiency of the convicting evidence, our standard of review is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995). Nor may this court reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. *Id.* Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

## B. Cruelty to Animals

Tenn. Code Ann. § 39-14-202(a)(2) provides that a person commits the offense of cruelty to animals when he "intentionally or knowingly . . . [f]ails unreasonably to provide necessary food, water, care or shelter for an animal in the person's custody."

Viewing the evidence in a light most favorable to the state, we can only conclude that the evidence was sufficient to sustain the guilty finding. The condition of the premises where the animals were kept was filthy and deplorable with animal feces and urine throughout the premises. The animals had feces and urine all around them and on them. There was also evidence that they did not have food and water available to them. The affidavit of complaint in the arrest warrant, which is the charging instrument in this case, specifically alleged that the cruelty related to the dog chained to the piano, the dog chained to the wall, and the kittens in the cage. The evidence was sufficient for a rational trier of fact to conclude that the defendant unreasonably failed to provide the necessary food, water and care for these animals. This issue is without merit.

## EVIDENCE OUTSIDE ALLEGATIONS IN WARRANT

Defendant contends the trial court erred in allowing testimony relating to animals not mentioned in the affidavit of complaint. The affidavit of complaint only listed the two chained dogs and the kittens. This issue is waived since the defendant has failed to make appropriate references to the record. Tenn. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *see also* Tenn. R. App. P. 27(a)(7) and (g). Regardless, we conclude that the questioned

evidence was relevant to show the overall condition of the premises and the defendant's treatment of the animals specifically charged in the affidavit of complaint. This issue is without merit.[2]

**OPINION TESTIMONY**

Defendant contends the trial court erroneously allowed two witnesses to give an opinion as to the suitability or acceptability of the premises for animal habitation. He further contends the trial court erred in allowing one witness to give an opinion as to "whether the condition of the house would be more or less objectionable if the animals had not been tied or caged."

Lay witnesses may give testimony in the form of an opinion where the testimony is "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." Tenn. R. Evid. 701(a). The testimony is not objectionable merely because it embraces an ultimate issue before the trier of fact. Tenn. R. Evid. 704. However, the admission of lay opinion testimony is limited to those situations where the trier of fact could not readily draw its own conclusions on the ultimate issue, without the aid of the witness's opinion testimony. Blackburn v. Murphy, 737 S.W.2d 529, 533 (Tenn. 1987). When the admission or exclusion of evidence is challenged on appeal, it is reviewable only for abuse of discretion. State v. Gray, 960 S.W.2d 598, 606 (Tenn. Crim. App. 1997).

To the extent that the two witnesses testified in the form of an opinion about the suitability of the premises for animal habitation, the testimony was based upon their perception and was helpful to an understanding of their testimony. As to the other witness who testified that the premises would have been worse if the animals had not been confined, the trial court sustained defendant's objection. This issue is without merit.

**SENTENCING**

Defendant contends the trial court erred in failing to suspend his entire sentence and requiring him to serve ten days of incarceration. Again, we disagree.

**A. Standard of Review**

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles

---

[2]Defendant in his brief on this issue alleges that "it is impossible for this court to determine whether the trial judge convicted the defendant of Tenn. Code Ann. § 39-14-202(a)(2) [relating to food, water and care] or Tenn. Code Ann. § 39-14-202(a)(4) [relating to confinement of an animal in a cruel manner]." We consider this outside the issue framed for our review. Nevertheless, we conclude that the defendant is not entitled to relief on the merits of this issue.

of the 1989 Criminal Sentencing Reform Act. *See* State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). We further note that the trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997); State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

The defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996); Tenn. Code Ann. § 40-35-303(b). Even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) Sentencing Commission Comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper, and that full probation will be in the best interest of the defendant and the public. Baker, 966 S.W.2d at 434.

## B. Analysis

The defendant's testimony at his sentencing hearing indicated that he had a college degree, had six children and two stepchildren, and was presently employed in the computer field. Previously, he had experienced trouble in keeping approximately twenty horses confined. After numerous complaints, he moved the horses to another location but continued to have the same problem. He appeared before the general sessions court and was convicted of "allowing my horses to run at large." *See* Tenn. Code Ann. § 44-8-401. Defendant also had driving on revoked license and worthless check offenses, both of which were dismissed upon payment of costs. Although the defendant was never specifically asked, he never accepted responsibility or expressed remorse concerning the present offense.

We decline to disturb the sentence imposed by the trial court. The defendant has failed to establish that he is entitled to full probation. This issue is without merit.

## CONCLUSION

Based upon our examination of the record, we affirm the judgment of the trial court.


_____
JOE G. RILEY, JUDGE